FILED

**NOT FOR PUBLICATION**

FEB 27 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA GUADALUPE PEREZ-VAZQUEZ, | No. 10-71858 |
| Petitioner, | Agency No. A089-621-105 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2012[**]
San Francisco, California

Before: TASHIMA and SILVERMAN, Circuit Judges, and ADELMAN, District
Judge.[***]

Maria Guadalupe Perez-Vazquez petitions for review of a final order of

removal denying cancellation of removal. The Board of Immigration Appeals held

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

that Perez-Vazquez's 2002 California Welfare and Institutions Code § 10980(c)(2) "felony" welfare fraud conviction was an adverse factor that weighed against good moral character under the "catchall" sentence of 8 U.S.C. § 1101(f).[1] However, the conviction was not a felony. It was reduced to a misdemeanor at sentencing pursuant to California Penal Code § 17(b)(3). The Board was bound by the state's characterization of the crime as a misdemeanor. *Garcia-Lopez v. Ashcroft*, 334 F.3d 840, 845 (9th Cir. 2003). Therefore, we remand for the BIA to reconsider its good moral character determination.[2]

PETITION GRANTED AND REMANDED.

---

[1]The "catchall" provides, "[t]he fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character." *Id.*

[2]We decline to consider the remaining arguments made by petitioner and the government. Moreover, the scope of our review is limited to the grounds actually relied on by the BIA. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011).